## IN THE MATTER OF: WILLIAM EUGENE HAAS, JR.

### No. 6927DC364

(Filed 23 July 1969)

**Constitutional Law § 32; Courts § 15; Infants § 10— juvenile court delinquency proceeding — waiver of right to counsel — necessity for findings of fact**

 In this juvenile court delinquency proceeding, the court erred in failing to comply with the provisions of G.S. 110-29.1 where the court made no findings of fact to support its conclusion that the alleged delinquent knowingly and intelligently waived his right to counsel, there being no finding that the juvenile and his father were financially able to retain counsel, or if indigent, that they were advised that the State would afford counsel for them, and that with all information available to them, the juvenile and those responsible for him waived an attorney and elected to proceed without legal representation.

APPEAL by defendant from *Bulwinkle, J.,* April 1969 Juvenile Session, CLEVELAND County District Court.

Three juvenile petitions were filed in this cause asserting that William Eugene Haas, Jr., (Haas) was less than sixteen years of age; was residing within the territorial jurisdiction of the Cleveland County District Court, namely, in the City of Gastonia; and was residing with his parents, Nellie Haas (mother), and William E. Haas, Sr., (father). In the first petition it was asserted that Haas

was a delinquent because he drank intoxicating liquors and became intoxicated on 7 March 1969. In the second petition it was asserted that he was a delinquent because he carried a concealed weapon on 7 March 1969. In the third petition it was asserted that he was a delinquent because, on 7 March 1969, he committed an assault upon Bill Parker with a metal chain, thereby causing serious bodily injuries to him. Each petition requested the district court to hear and determine the case and, if need be found, to give Haas such oversight and control as would promote his welfare and the best interest of the State.

Pursuant to the three petitions, each of which was issued by a police officer of the Town of Kings Mountain on 27 March 1969, a summons was issued to the mother and father requiring their appearance in the juvenile division of the district court on 1 April 1969 to show cause why Haas should not be dealt with according to the provisions of the North Carolina Juvenile Law. This summons was served on the mother on 29 March 1969.

On 1 April 1969, the father appeared in court before Judge Mull and advised the court that his attorney, Mr. Forbes, could not be present since he was in Charlotte, North Carolina. Judge Mull thereupon advised him "to be in court either with Mr. Forbes or with another attorney on 4-8-69."

On 1 April 1969, another juvenile summons was issued to the mother and father requiring that they appear in the district court on 8 April 1969 and show cause why Haas should not be dealt with according to the provisions of the North Carolina Juvenile Law. This summons was served on the father on 3 April 1969.

On 8 April 1969, the father appeared in the district court before Judge Bulwinkle and "stated that he had been unable to get in touch with Robert H. Forbes, attorney, and had decided to come to court without an attorney and chose to proceed without an attorney." Judge Bulwinkle then found "as a fact that William E. Haas, Jr., and his father, William E. Haas, knowingly, intelligently, and wilfully waived the right to be represented by counsel and ordered the hearing to proceed."

In accordance with the provisions of the North Carolina Juvenile Law, Judge Bulwinkle made a summary of the testimony at the hearing conducted on 8 April 1969. This summary reveals that Officer William Roper of the Kings Mountain Police Department went to a 7-Eleven Store in Kings Mountain about 9:15 p.m. on 7 March 1969 and "found William G. Parker lying on the floor with three

stab wounds on his chest and a cut on his left hand." A little later the same evening, an automobile occupied by seven boys was stopped. One of the occupants was Haas, who had a dog chain in his pocket. "The chain was about two feet in length and consisted of metal links with a snap fastener at one end and a leather loop at the other." Haas was intoxicated.

Parker testified that, while he was at the 7-Eleven Store, he was attacked by about five boys; he was stabbed in the chest several times; and he was cut on the left hand. Sometime after the first stabbing, Haas struck him "with a chain once behind the left ear and once on the back." Parker "testified further that he did not know any of his assailants, but that the attacks ceased when he told where his (Parker's) brother worked and what kind of car he drove."

The mother testified that Haas became sixteen years of age on 13 March 1969 and that since 7 March 1969 he "had behaved himself, had worked regularly and had stayed at home at night."

Miss Jeanne Morgan, a member of the Family Court Counseling Staff of the District Court, testified that Haas "had formerly been found by the Gaston County Domestic Relations and Juvenile Court to be delinquent in that he was a truant"; he had been placed on probation; the probation had been revoked and he had been committed to the Juvenile Evaluation Center at Swannanoa, North Carolina. Haas had appealed from the order of commitment and the appeal was then pending.

Following the hearing, Judge Bulwinkle entered an order under date of 8 April 1969. It was stated that the hearing had been held after notice to all persons with a direct interest in the case and that "[t]he nature of the proceedings was explained to the child and to the adults present, and a full opportunity to be heard and to cross examine opposing witnesses was afforded all interested parties." Judge Bulwinkle then found as a fact that Haas was a delinquent in that, on 7 March 1969, he drank intoxicating beverages and became intoxicated, he carried a concealed weapon, and he assaulted William G. Parker with a deadly weapon causing serious bodily injuries to him. It was then ordered that Haas "be committed to the Juvenile Evaluation Center at Swannanoa, North Carolina."

From the entry of this judgment, Haas noted an appeal and posted a recognizance bond in the amount of $500.00. The bond was signed by the father and another surety, Ray S. Smith.

*Attorney General Robert Morgan and Staff Attorney R. S. Weathers for the State.*

*Hollowell, Stott & Hollowell by Grady B. Stott for defendant appellant.*

CAMPBELL, J.

The first assignment of error is that, in conducting the hearing on 8 April 1969, the trial judge erred in failing to afford Haas representation by counsel. G.S. 110-29.1 of the North Carolina Juvenile Court Act provides:

> "*Appointment of counsel for indigent children in delinquency proceedings; compensation of counsel.* — Any judge authorized to conduct hearings in juvenile court matters, shall, prior to conducting a hearing pursuant to G.S. 110-29, in which a finding of delinquency and commitment to an institution is possible, inform the child and his parent or parents that the child is entitled to representation by counsel, and that if they are financially unable to retain counsel, the court will appoint counsel to represent the child. Determination of indigency shall be made under the standards established in G.S. 15-5.1 for indigency in adult cases. The fee for appointed counsel shall be fixed by the judge who conducts the hearing, and shall be paid under the same procedures and from the same fund as fees for counsel appointed in adult indigent cases. To assure a reasonable degree of uniformity in fees for appointed counsel in juvenile cases, the Administrative Officer of the Courts is authorized to promulgate, subject to the approval of the Supreme Court, rules for the guidance of juvenile court judges in fixing fees under this section."

The record in the instant case does not show compliance with the provisions of this statute. Although the record reveals that Haas and his father "knowingly, intelligently, and wilfully waived the right to be represented by counsel", there are no findings of fact to support this conclusion. There was no finding that Haas and his father were financially able to retain counsel and the necessary facts to support this set out, or that, if they were unable to do so because of indigency, they were advised that the State would afford counsel for them, and that with all information available, the juvenile and those responsible for him waived an attorney and elected to proceed without an attorney. In order for a trial judge to conclude that an alleged delinquent "knowingly and intelligently" waived the right

to be represented by counsel, the necessary facts to support such a conclusion must appear of record.

For failure to comply with G.S. 110-29.1, this cause must be remanded to the district court. We will refrain from discussing the other assignments of error brought forward as a new hearing must be conducted.

New trial.

BROCK and MORRIS, JJ., concur.