IN THE MATTER OF: DONALD RENE ALEXANDER

No. 7027DC204

(Filed 24 June 1970)

**1. Infants § 10; Constitutional Law § 29— juvenile proceedings — constitutional safeguards**

**2. Infants § 10— juvenile proceeding — sufficiency of evidence — standard of proof**

Where the evidence in a juvenile hearing on a charge of larceny would

have been insufficient to go to the jury had the hearing been a criminal prosecution against an adult, the evidence was equally insufficient to support a finding that the juvenile was a delinquent in committing the larceny.

Appeal by respondent from *Bulwinkle, District Judge,* October 1969 Session of Gaston District Court.

This juvenile court delinquency proceeding was commenced against the respondent, a fourteen-year-old boy, by verified petition dated 18 September 1969 in which it is alleged that respondent "is delinquent in that on Sept. 16, 1969 he did unlawfully steal one automatic radio portable tape player, the personal property of Kress Department Store, Gastonia, N. C. Value of the tape player $79.00." The petition was signed by Fred A. Mullis, Assistant Manager of Kress's. Summons was duly issued and served, and upon a finding as to respondent's indigency and the indigency of his parents, an attorney was appointed to represent him.

Evidence presented at the hearing, as summarized by the district judge, was as follows:

"Mike Robinson, an employee of Kress Department Store on September 16, 1969 testified that at some time between 5:30 and 6:00 on the 16th of September, after the curtains had been drawn on the doors of Kress & Co., he observed the juvenile in a squatting position near a counter near the Marietta St. exit for Kress's on which counter a portable radio tape player had been resting during the day. He testified that the portable radio tape player was found to be on the floor near the place where the juvenile was squatting, but that he did not see the juvenile actually touching it; that upon his approaching the juvenile, the juvenile got up and ran through the door out into Marietta St., even though he shouted at the juvenile and asked him to stop.

"He further testified that there was no one in the immediate area other than the juvenile at that time; that he had seen no person in the store at that time other than the minor who was not an employee of the store.

"He testified that the tape player in its position on the floor was not open as it had been when lying on the counter; that there had been no one near the counter that he had seen except the juvenile.

"On cross examination by the juvenile's attorney, Mike Robinson testified that he did not see the boy actually touch-

ing the tape player, he just saw that he was in a squatting position very close to where the tape player was found. He testified that he saw nothing in the hands of the juvenile as he went through the door. He testified that at the time that the door through which the juvenile exited was unlocked, but that in his opinion all of the other doors in Kress's were locked.

"Fred A. Mullis, Assistant Manager of Kress's, the Petitioner in this case, testified that he had made a thorough check of the store at 5:30, which was the closing time of the store, and in such check found that all of the doors except for the one through which the juvenile exited were locked with the curtains drawn; that on the outside of the doors, visible to the public there was posted a sign which stated closing hours at 5:30 Monday through Thursday.

"Mr. Mullis testified that in his search of the store he noted at 5:30 that there were no customers in the store; that no one had permission to be in the store after the closing hour; that he later saw the tape player on the floor and noted that it was not in the same position it had been at the time the store closed at 5:30. Mr. Mullis testified that the value of the tape player was $79.00.

"On cross examination, Mr. Mullis testified that he had not seen the juvenile in the store but that he had made certain all doors were locked other than the one door on the Marietta Street exit through which the juveline had exited. He testified that nothing was missing from the store but that this tape recorder was not in the same position as it had been during the day."

On this evidence the district judge entered an order containing the following:

"Court finds from sworn testimony that juvenile is delinquent in that he did commit larceny by taking one portable record player from S. H. Kress & Co."

Upon this finding, the court entered an order placing respondent on probation on condition that he (1) be and remain of good behavior and violate none of the laws of the State; (2) report to the probation officer at "which" (sic) time or times as the probation officer may require; (3) attend regularly the public schools so long as he remains within the required age group; and (4) be and remain at home at 8:00 p.m. until 7:00 a.m. "as determined by the Judge."

From this order, respondent appeals.

*Attorney General Robert Morgan and Staff Attorney L. Phillip Covington for the State.*

*Robert C. Powell for respondent appellant.*

PARKER, J.

The order appealed from is based on a finding that respondent is a delinquent "in that he did commit larceny by taking one portable record player from S. H. Kress & Co." The evidence presented was insufficient to support this finding.

[1, 2]   While juvenile proceedings should not be equated to criminal prosecutions nor should a finding of delinquency in such a proceeding be deemed synonymous with conviction of a crime. *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879, nevertheless certain constitutional safeguards apply. *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068; *In re Gault,* 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428. The majority opinion in *Winship,* which was decided 31 March 1970, held that "the constitutional safeguard of proof beyond a reasonable doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in *Gault* — notice of charges, right to counsel, the rights of confrontation and examination, and the privilege against self-incrimination." While the record before us does not disclose what standard of proof was applied by the district judge in making the factual determination upon which the order here appealed from is based, the evidence in the present case was not sufficient, if this had been a criminal prosecution against an adult for larceny, even to justify submission of the case to a jury. In such case a judgment of nonsuit would have been required. It is no less required in a case in which a juvenile is involved, regardless of whether the nature of the proceedings require that the juvenile be designated a respondent rather than be designated as a defendant.

We do not pass upon appellant's additional contention that the petition in the present case was itself insufficient to support the court's order, since for failure of evidence the order must in any event be and is

Reversed.

MORRIS and HEDRICK, JJ., concur.