IN RE: LUTHER LEE GARCIA

No. 7026DC527

(Filed 18 November 1970)

Infants § 10; Constitutional Law § 32— juvenile hearing — right to counsel — waiver of rights

  In a juvenile delinquency hearing, it was not sufficient that the court informed the juvenile's mother that she could have an attorney to represent her son, if she so desired; there must also be a showing (1) that the mother was advised of the right to have appointed counsel in case she was indigent and (2) that the mother knowingly waived such right. G.S. 7A-285.

APPEAL by juvenile Garcia from *Gatling, District Judge,* 20 April 1970 Session of MECKLENBURG District Court.

A hearing was held in the District Court upon a petition to determine whether the juvenile appellant was delinquent. The hearing was held on 22 April 1970 with only the juvenile, his mother, and the court officials present. No record of the proceedings was made and the presiding judge entered an order finding the juvenile delinquent and committing him to the North Carolina Board of Juvenile Correction for an indefinite period. At a subsequent hearing on 24 April 1970, at which the juvenile's mother and an attorney were present, the order of 22 April 1970 was suspended and the juvenile was placed on probation for eighteen months with certain conditions attached.

Upon notice of appeal by the juvenile, the trial judge filed, on 15 June 1970, a summary of the evidence and finding of facts in lieu of the transcript as authorized by Rule 19 (g) of the Rules of Practice in the Court of Appeals. This summary presented the facts upon which the petition was presented and tended to show that the juvenile engaged in disorderly conduct arising out of an incident at a gathering of people at the County Office Building in Charlotte. The summary also contained the statement "[t]hat the mother of Luther Lee Garcia, Mary Oxendine, had been previously informed that she could have an attorney to represent her son, if she so desired." No other mention was made concerning representation by an attorney.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*Casey and Daly, P.A. by George S. Daly, Jr., for juvenile appellant.*

CAMPBELL, Judge.

Appellant makes two assignments of error: (1) That the trial court erred in failing to give adequate notice of the right to counsel to the juvenile and his mother; and (2) That the trial court erred in failing to provide for the recording of the proceedings at the hearing below. As it is not necessary for a determination of the appeal, we will not discuss the second assignment of error.

The Supreme Court of the United States sets forth the requirements that must be followed in juvenile hearings with respect to representation by counsel in *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967). There, the court stated:

> "We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in which the juvenile's freedom is curtailed, the child and his parents must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child.

> At the *habeas corpus* proceeding, Mrs. Gault testified that she knew that she could have appeared with counsel at the juvenile hearing. This knowledge is not a waiver of

*In re Garcia*

the right to counsel which she and her juvenile son had, as we have defined it. They had a right expressly to be advised that they might retain counsel and to be confronted with the need for specific consideration of whether they did or did not choose to waive the right. If they were unable to afford to employ counsel, they were entitled in view of the seriousness of the charge and the potential commitment, to appointed counsel, unless they chose waiver. Mrs. Gault's knowledge that she could employ counsel was not an 'intentional relinquishment or abandonment' of a fully known right."

A little over a month after the decision in *Gault* came out, our General Assembly enacted G.S. 110-29.1, which provided:

" . . . Any judge authorized to conduct hearings in juvenile court matters, shall, prior to conducting a hearing pursuant to G.S. 110-29, in which a finding of delinquency and commitment to an institution is possible, inform the child and his parent or parents that the child is entitled to representation by counsel, and that if they are financially unable to retain counsel, the court will appoint counsel to represent the child. . . . "

This statute was considered in *In Re Haas,* 5 N.C. App. 461, 168 S.E. 2d 457 (1969). This section was repealed by Session Laws 1969, Chap. 911, § 1, when the laws pertaining to juvenile hearings were rewritten. At the same time, a similar, but not so definite, provision was enacted in G.S. 7A-285. That provision provides as follows:

" . . . In the adjudication part of the hearing, the judge shall find the facts and shall protect the rights of the child and his parents in order to assure due process of law, including the right to written notice of the facts alleged in the petition, the right to counsel, the right to confront and cross examine witnesses, and the privilege against self-incrimination. In cases where the petition alleges that a child is delinquent or undisciplined and where the child may be committed to a State institution, the child shall have a right to assigned counsel as provided by law in cases of indigency."

In the present situation, there is a finding in the summary filed by the trial judge to the effect that the juvenile's mother knew or had been informed that she could have an attorney rep-

resent her son if she so desired. But there is nothing to show that she was advised of her rights to have an attorney appointed for her if she was unable to afford one herself or that she knowingly waived such right. She was not "confronted with the need for specific consideration of whether they did or did not choose to waive the right" to counsel. This is required by *Gault*, and the language of the General Statutes of North Carolina demands no less. It seems clear that the Legislature, in 1969, intended only to recodify this right, rather than lessen it.

As the complete right to counsel was not afforded the appellant and no waiver of this right is shown, the order of the trial court must be reversed.

Reversed.

Judges BRITT and VAUGHN concur.