IN THE MATTER OF VALERIE LENISE WALKER

No. 7218DC241

(Filed 24 May 1972)

1. Constitutional Law § 32; Infants § 10— juvenile delinquency proceeding — right to counsel

In order to comply with due process in a juvenile delinquency proceeding, the right of the juvenile to be represented by an attorney must be considered and an attorney provided in the absence of a proper waiver of counsel.

2. Courts § 15; Infants § 10— undisciplined child — constitutionality of statute

The provisions of G.S. 7A-278(5) relating to an "undisciplined child" are not unconstitutionally vague or indefinite.

APPEAL by respondent from Gentry, District Judge, 11 October 1971 Session, District Court, GUILFORD County.

This case was instituted by a petition filed 2 August 1971 by Mrs. Katherine Walker, mother of Valerie Lenise Walker (Valerie). The petition sets out that Valerie is under sixteen years of age; lives with her parents; is an undisciplined child as defined by G.S. 7A-278, in that she has been regularly disobedient to her parents during the last six months; that Valerie will not mind and obey; that she goes and comes as she pleases and keeps late hours; that she associates with persons of questionable character and frequents places not approved by her parents; that she is almost beyond the control of her parents.

Based upon the petition a juvenile summons was issued 10 August 1971. A hearing was held on 17 August 1971 before Judge B. Gordon Gentry of the District Court. Valerie was not represented by an attorney at the hearing. Judge Gentry entered an order finding that Valerie was born 14 April 1957; is under the control and supervision of her parents; that she has been regularly disobedient to her parents in that she goes and comes without permission, keeps late hours, associates with persons that her parents object to and goes to places where her parents tell her not to go. The court thereupon found that she was an undisciplined child and in need of discipline and supervision. The court placed Valerie on probation subject to the following conditions:

"1. That she be of good behavior and conduct herself in a law-abiding manner;

2. That she mind and obey her parents and not leave home without permission and then to go only to places that she has permission to go and return as directed;

3. That she attend school regularly during the school year and obey the school rules and regulations;

4. That she report to the court counselor as directed, truthfully answer questions put to her concerning her conduct, behavior, associates and activities and carry out requests given her concerning such;

5. That this matter be reopened for further orders on March 22, 1972 at 2:00 p.m.

This matter is retained for further orders of the court."

Under date of 21 September 1971, Ann M. Jones, Court Counselor, filed a petition requesting the court to further consider the matter for that Valerie is a delinquent child as defined by G.S. 7A-278(2) as she has violated conditions Nos. 1, 2 and 3 of the Order of 19 August 1971, as she continuously disobeys her parents in that she goes and comes as she pleases, keeps late hours and frequents places not approved by her parents. Further she refuses to obey school rules and regulations and misbehaves in the classroom and is disrespectful to school officials and that she is beyond the control of her parents.

Pursuant to this petition and summons issued thereon, the case was set down for hearing. Prior to the hearing the

public defender of the Eighteenth Judicial District was appointed to represent Valerie. On 15 October 1971 the public defender, on behalf of Valerie moved to vacate the order of 19 August 1971 for that it was entered at a time when Valerie was not represented by counsel. This motion was denied, and the hearing proceeded.

Katherine Walker, mother of Valerie, testified that she lives with her husband and seven small children, including Valerie; that she works, and when she returns from work most of the time Valerie is not home and has not done the chores which have been assigned to her to do, such as cleaning her room, the bathroom and washing dishes; that Valerie tells her she has been with Vanessa Cunningham at Mrs. Cunningham's home and that she has told Valerie not to leave without telling her where she is going; that Valerie had been to Paradise Inn and bought a sandwich and she had told her not to go to Paradise Inn; that Paradise Inn has a bad reputation and is no place for a fourteen-year-old girl; that Valerie has stayed out at night till 1:00 o'clock and her mother did not know where she was.

The mother further testified that she had seven children at home but ten children in all; the oldest child at home is twenty-one, another twenty and one nineteen and then Valerie and then three children younger than Valerie. She testified, "Valerie is lazy. She's a lazy child. No, I don't have no complaints. All I want her to do is do like a child should and act like one and not an adult. That's right; I have no complaints other than she acts like an adult and not like a child."

Howard King, the Assistant Principal of Mendenhall Junior High School, testified that Valerie had been enrolled in Mendenhall Junior High School from September 8, 1971; that she was in special education with a group of students who had a great deal of difficulty in adjusting.

Mr. King further testified that he had had numerous conferences with Valerie and that one problem was that in her physical education class she refused "to dress out in there or obey the teacher"; that he had had difficulty in communicating with Valerie and that she would not give him any reason for her conduct; that she would suck her thumb and would not talk and would then begin to talk and it was impossible to keep her

_In re Walker_

quiet and "it doesn't have any meaning to what we're talking about." He further testified that Valerie was large for her age and as compared to the other children in the class. He further testified that Valerie was sent by her teachers to the office practically every day in school; that she does not fit into the classroom and disrupts whatever the teachers try to do; that if he had any way to get her home, he would have suspended her each day; that as it is, all they can do with her at school is to have her sit in the office and let her sit there and that she occasionally gets up and leaves; that Valerie does not respond to any methods of discipline available at the school.

The probation officer testified that Valerie had had problems at her previous school and was having the same problems at the school she was now attending; that Valerie's attitude was bad and she would not cooperate.

Under date of 27 October 1971, Judge Gentry entered an order finding that Valerie did not obey her parents in that she left home without permission and kept late hours at night; that she went to places that she had been told not to go to by her parents and that she failed to do chores assigned to her by her mother; that she had been sent out of the classroom in school a number of times for disobeying teachers and disturbing the class; that Valerie is a delinquent child and is in need of discipline and supervision; that she has been a constant behavior problem in school since 21 September 1971 and has not responded to disciplinary actions taken by the school authorities and she continues to disobey her mother; that she is in need of more discipline and supervision than can be provided for her within Guilford County. It was thereupon ordered that she be committed to the North Carolina Board of Juvenile Correction to be in the custody and under the control and supervision of the officials thereof until discharged in keeping with the requirements of law.

From this order the respondent appealed.

_Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State._

_Public Defender, Eighteenth Judicial District, Wallace C. Harrelson and Assistant Public Defender, Eighteenth Judicial District, J. Dale Shepherd, for the respondent appellant._

CAMPBELL, Judge.

[1] The respondent assigns as error the denial of the motion to vacate the order entered 19 August 1971, in which Valerie was found to be an undisciplined child and placing her on probation, for that at said hearing she was not represented by counsel. In order to comply with due process in a juvenile proceeding, the right of the juvenile to be represented by an attorney must be considered and an attorney provided or there must be a proper waiver of this right. *In re Garcia,* 9 N.C. App. 691, 177 S.E. 2d 461 (1970).

While the order of 19 August 1971 was defective, as based on a hearing where there was a failure to afford Valerie due process in that no attorney represented her or the right to such representation properly waived, nevertheless, the hearing at the October 1971 Session of the court was not improper. A plenary hearing was held and evidence was offered to sustain findings of fact independent of the 19 August 1971 order.

At the October 1971 hearing Valerie was represented by counsel, and due process of law was afforded her.

[2] Respondent further contends that this proceeding should have been dismissed for that G.S. 7A-278 is unconstitutional particularly subsection (5) thereof.

G.S. 7A-278(5) provides:

" 'Undisciplined child' includes any child who is unlawfully absent from school, or who is regularly disobedient to his parents or guardian or custodian and beyond their disciplinary control, or who is regularly found in places where it is unlawful for a child to be, or who has run away from home."

Respondent cites no authority for the position taken. There is nothing vague or indefinite about the statute. It is quite similar in its provisions and purposes to the previous statute pertaining to juveniles. The previous statute was held to be constitutional and nothing would be gained by a repetition of what was said about the constitutionality of the juvenile act in the case of *In Re Burrus,* 275 N.C. 517, 169 S.E. 2d 879 (1969), *aff'd,* 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976.

We have considered the other assignments of error brought forward by the respondent and find them to be without merit.

We find that the respondent in the instant case had a fair hearing in October 1971, which fully met with due process of law, and the order entered by Judge Gentry was fully sustained by the evidence introduced and the facts found thereon.

No error.

Chief Judge MALLARD and Judge BROCK concur.