In re Stanley

IN THE MATTER OF: RICHARD STANLEY, AGE 15

No. 7319DC118

(Filed 14 February 1973)

**Infants § 10; Constitutional Law § 32— juvenile delinquency hearing — parents' right to assigned counsel**

 Adjudication of delinquency must be set aside where the record shows only that "the parties know of their right to counsel and of the child's right, if indigent, to assigned counsel," but the record fails to show that the juvenile's parents were advised of their right, if indigent, to appointment of counsel or that they waived that right. G.S. 7A-285.

APPEAL by respondent from *Sapp, Judge,* 13 November 1972 Session of District Court held in RANDOLPH County.

In a petition filed in district court, respondent, Richard Stanley, a juvenile, was alleged to be:

". . . a delinquent child as defined by G.S. 7A-278 (2) in that at and in the county named above and on or about the 15th day of October, 1972, the child did unlawfully and wilfully assault Somya D. Williams, Age, 10, with a pellet gun, a deadly weapon by shooting her in the foot."

In a hearing on the petition conducted by Judge Sapp, the juvenile and his parents were in attendance. Thereafter, Judge Sapp made the following pertinent findings:

"That Richard Stanley did unlawfully and wilfully assault Somya D. Williams, with a pellet gun by shooting her in the foot."

"The court finds said child or children to be delinquent within the juvenile jurisdiction of the court as defined by G.S. 7A-278 (2)."

From a judgment placing respondent on probation for a period of 12 months "under the usual terms of probation and the following specific terms. . . .", respondent appealed.

*Attorney General Robert Morgan and Associate Attorney John M. Silverstein for the State.*

*Ottway Burton for respondent appellant.*

HEDRICK, Judge.

Respondent's first assignment of error presents the question of whether the trial judge properly apprised the juvenile and his parents of their right to counsel.

Apparently, no record of the proceedings before Judge Sapp was made, nor did the judge summarize the evidence as provided by Rule 19 (g) of the Rules of Practice in the Court of Appeals. The record before us contains only the summons, juvenile petition, juvenile adjudication order and a narrative statement of the proceedings apparently prepared by respondent's attorney from the recollections of one of the witnesses at the hearing.

In juvenile hearings, "the judge shall . . . protect the rights of the child *and his parents* in order to assure due process of law, including . . . *the right to counsel*. . . ." (Emphasis added.) G.S. 7A-285. While the "juvenile adjudication order" entered in this cause recites "that the parties know of their right to counsel and of the child's right, if indigent, to assigned counsel in cases where the child may be committed to a State institution. . . .", nothing in the record shows that respondent's parents were advised by the judge of their right, if indigent, to appointment of counsel or that they waived that right. In *In re Garcia,* 9 N.C. App. 691, 693-94, 177 S.E. 2d 461, 463 (1970), Judge Campbell, speaking to the identical point here raised, said:

> "In the present situation, there is a finding in the summary filed by the trial judge to the effect that the juvenile's mother knew or had been informed that she could have an attorney represent her son if she so desired. But there is nothing to show that she was advised of her rights to have an attorney appointed for her if she was unable to afford one herself or that she knowingly waived such right. She was not 'confronted with the need for specific consideration of whether they did or did not choose to waive the right' to counsel. This is required by *Gault*, [*In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527 (1967)] and the language of the General Statutes of North Carolina demands no less."

Because the record fails to disclose that respondent's parents were apprised of their right, if indigent, to appointment of

counsel, or that they waived that right, the order appealed from is

Reversed.

Judges CAMPBELL and MORRIS concur.