IN THE MATTER OF LORENZO OWENS, JUVENILE

No. 743DC544

(Filed 3 July 1974)

**Infants § 10— delinquency petition based on larceny — failure of State to prove larceny**

Petition alleging delinquency based upon larceny of an automobile by a minor should have been dismissed where the State's evidence showed only that the minor rode as a passenger in a stolen car and did not show that the minor acted in concert with the driver in stealing the car.

APPEAL by the juvenile from *Wheeler, District Judge,* 18 April 1974 Session of District Court held in PITT County. Heard in the Court of Appeals 18 June 1974.

---

---

In a Petition filed in Juvenile Court on 14 March 1974, Lorenzo Owens was charged with being a delinquent child based upon the allegation of felonious larceny of one 1964 F-85 Oldsmobile. In a Petition filed in Juvenile Court on 29 March 1974, Lorenzo Owens was charged with being a delinquent child based upon the allegation of felonious larceny of one 1964 Chevrolet Nova. Another juvenile, James Allen Wilson, was charged in Petitions alleging the same offenses of felonious larceny.

With respect to the larceny of the 1964 F-85 Oldsmobile, the evidence tended to show that the officers observed three young men peeping into cars in the parking lot of Pitt Memorial Hospital. The young men were taken to the police station. Lorenzo Owens and James Allen Wilson were two of the three. At the police station, it was found that James Allen Wilson had in his pocket the keys to the 1964 F-85 Oldsmobile which had been stolen and abandoned earlier in the day. None of the young men made a statement to the officers.

With respect to the larceny of the 1964 Chevrolet Nova, the evidence tended to show that James Allen Wilson was observed driving the stolen car. Lorenzo Owens was observed riding in the right front, or passenger, seat of the stolen car.

Judge Wheeler exercised his discretion to retain the cases as Juvenile proceedings rather than to transfer them to the Superior Court under G.S. 7A-280.

Lorenzo Owens' motion to dismiss the charge relating to the 1964 F-85 Oldsmobile was allowed. He was found to be a delinquent child based upon his guilt of larceny of the 1964 Chevrolet Nova, and has appealed. James Allen Wilson was found to be a delinquent child in both cases based upon his guilt of larceny of both cars, but he did not appeal.

*Attorney General Morgan, by Deputy Attorney General Vanore, for the State.*

*Samuel J. Manning for the Juvenile.*

BROCK, Chief Judge.

The conduct of Lorenzo Owens in being with James Allen Wilson on each occasion tends to throw a cloud of suspicion around him. However, suspicion is not enough. As Judge Wheeler

In re Owens

announced at the beginning of the hearing: "The standard of proof in each of the cases is that of beyond a reasonable doubt."

Before the State was entitled to have the case considered by the finder of the facts, it was required to offer evidence of participation by Lorenzo Owens in the offense of larceny. We agree with Judge Wheeler that the State failed to offer evidence for submission to the finder of facts in the case involving larceny of the 1964 F-85 Oldsmobile. However, we disagree with Judge Wheeler in his denial of Lorenzo Owens' motion to dismiss the case involving larceny of the 1964 Chevrolet Nova, and we reverse in that case.

In the Petition considered by the trial judge, the allegation of delinquency was based only upon the allegation that the juvenile committed larceny of the 1964 Chevrolet Nova. Therefore, before it could be determined that the juvenile was delinquent it was necessary for the State to prove the larceny. We have held in *In re Alexander,* 8 N.C. App. 517, 174 S.E. 2d 664, and *In re Roberts,* 8 N.C. App. 513, 174 S.E. 2d 667, that the State must make out a prima facie case of the commission of the crime upon which a finding of delinquency is based. Otherwise, the petition based upon allegations that the juvenile committed a crime must be dismissed.

The facts in this case are strikingly similar to those in *State v. Hughes,* 16 N.C. App. 537, 192 S.E. 2d 626. The State concedes it is unable to distinguish this case and the Hughes case. The evidence in this case merely shows that Lorenzo Owens was riding as a passenger in a stolen car. There was no evidence of conduct on his part that suggests a guilty mind. There is absolutely no evidence in this record that he was acting in concert with the driver, James Allen Wilson.

In our view, the motion of Lorenzo Owens to dismiss the petition alleging delinquency based upon larceny of the 1964 Chevrolet Nova should have been allowed.

Reversed.

Judges BRITT and BALEY concur.