IN THE MATTER OF: RANDY LEE ASHBY

No. 7821DC90

(Filed 1 August 1978)

1. **Constitutional Law §§ 40, 74— infant—no waiver of rights—statement improperly admitted—no prejudicial error**

   The trial court erred in permitting an officer who arrested the juvenile respondent to relate statements made by the respondent where there was no showing that respondent knowingly and intelligently waived his right to counsel; however, such error was not prejudicial since the hearing was before

the judge without a jury, the statement as related by the arresting officer was largely exculpatory in nature, and respondent testified at the hearing and his testimony was essentially the same as the statement related by the arresting officer.

2. **Burglary and Unlawful Breakings § 5.5— breaking and entering automobile — sufficiency of evidence**

Testimony by an automobile owner that respondent and his companion told the owner that they had entered the car to rest was sufficient to make out a *prima facie* case of breaking or entering against respondent.

3. **Larceny § 7.7— respondent as passenger in vehicle — sufficiency of evidence of larceny of vehicle**

Respondent's contention that there was insufficient evidence of his joint possession of a stolen automobile with his friend, the driver of the vehicle, is without merit, since an earlier incident involving the breaking and entering of a vehicle, the short period of time between the removal of the automobile from its owner's house and its discovery in the possession of respondent and his friend, the flight of the vehicle when sighted by police, and respondent's flight on foot when the car was stopped by police were circumstances giving rise to a permissible inference that respondent had a guilty mind.

4. **Larceny § 7.1— intent to deprive owner of property — sufficiency of evidence**

Evidence was sufficient to show that respondent had the intent permanently to deprive the owner of a stolen vehicle from his property and convert it to his own use, since respondent's flight from and abandonment of the vehicle put it beyond his power to return the vehicle and showed total indifference as to whether the owner ever recovered the vehicle.

APPEAL by respondent from *Alexander (Abner), Judge.* Judgment entered 21 November 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 24 May 1978.

Respondent, age 15, was brought before the district court upon two juvenile petitions, one alleging that respondent broke and entered a Chevrolet station wagon with intent to steal said car, and the other alleging that respondent did feloniously steal, take, and carry away a Datsun automobile. The judge found the facts to be in accordance with the allegations and committed respondent to the Department of Human Resources for placement in a correctional school.

*Attorney General Edmisten, by Assistant Attorney General Sandra M. King, for the State.*

*Jim D. Cooley for the respondent.*

BROCK, Chief Judge.

[1]   The arresting officer testified: "I placed the respondent Randy Lee Ashby under arrest and informed him of his *Miranda* rights. I then asked him if he wanted to answer any questions and he stated that he would."

Defense counsel immediately objected to any testimony of what respondent may have said "on the basis that there has been no affirmative showing that respondent waived his right to counsel."

The trial judge overruled respondent's objection and the arresting officer proceeded to relate the statement respondent made to him.

The opinions of our Supreme Court "make it clear when the State seeks to offer in evidence a defendant's in-custody statements, made in response to police interrogation and in the absence of counsel, the State must affirmatively show not only that the defendant was fully informed of his rights but also that he knowingly and intelligently waived his right to counsel." *State v. Biggs*, 289 N.C. 522, 531, 223 S.E. 2d 371, 377 (1976). "An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." *Miranda v. Arizona*, 384 U.S. 436, 475, 16 L.Ed. 2d 694, 724, 86 S.Ct. 1602, 1628, 10 A.L.R. 3d 974 (1966).

The requirement of an affirmative showing not only that an accused was fully informed of his rights but also that he knowingly and intelligently waived his right to counsel applies in juvenile proceedings. *In re Garcia*, 9 N.C. App. 691, 177 S.E. 2d 461 (1970). It is obvious in the present proceeding that no showing of waiver of counsel has been made. The record is silent on the question. Therefore, it was error for the trial judge to permit the arresting officer to relate the statements made by respondent. However, a showing of error is not sufficient to justify a new trial; it must be demonstrated that the error was prejudicial.

In the first place this juvenile hearing was before the judge. There was no jury involved. When the judge is sitting both as

judge and as the finder of the facts, it is presumed that he disregarded incompetent evidence in making his findings of fact. In this case there was sufficient evidence (as noted *infra*), aside from respondent's statement as related by the arresting officer, to support the findings of fact. Additionally, the statement as related by the arresting officer was largely exculpatory in nature.

In the second place, respondent testified at the hearing and his testimony was essentially the same as the statement related by the arresting officer. Both were largely exculpatory in nature.

We have examined this record carefully and have concluded that the admission of respondent's statement made to the arresting officer was nonprejudicial beyond a reasonable doubt.

[2] Respondent contends that the court erred in denying his motions to dismiss because the State failed to present sufficient evidence of his guilt of the offenses alleged in the two petitions to make out a *prima facie* case of the commission of the offenses. We disagree.

As to the breaking and entering charge relating to the Chevrolet station wagon, respondent contends that there was no evidence that he personally made an opening of (breaking) or put any part of his body inside (entering) the automobile, and that all the evidence indicated it was his friend Ronnie who had done so. However, the testimony of Mr. Davis, the owner of the car, tended to show that both boys had told him that they had entered the car to rest. This testimony was sufficient to make out a *prima facie* case of breaking or entering against respondent.

[3] Respondent next argues, as to the petition alleging larceny of the Datsun automobile, that there was insufficient evidence of his joint possession of the automobile with his friend Ronnie, the driver of the vehicle. Respondent relies on *State v. Hughes*, 16 N.C. App. 537, 192 S.E. 2d 626 (1972) and *In re Owens*, 22 N.C. App. 313, 206 S.E. 2d 342 (1974), which held that evidence merely showing that the accused was a passenger in a stolen automobile was insufficient to show that he was acting in concert with the driver of the vehicle. In the case *sub judice*, there is additional evidence which suggests that respondent was more than a chance passenger in the Datsun. The earlier incident concerning the Chevrolet station wagon, the short period of time between the

removal of the Datsun from its owner's house and its discovery in the possession of respondent and Ronnie, the flight of the vehicle when sighted by police, and respondent's flight on foot when the car was stopped by police, are circumstances giving rise to a permissible inference that respondent had a guilty mind. *See State v. Givens*, 268 N.C. 249, 150 S.E. 2d 431 (1966).

[4] Respondent further contends that even if there was sufficient evidence of joint possession, there was no evidence that he had the intent to permanently deprive the owner of the Datsun of his property and convert it to his own use. We disagree.

The intent to permanently deprive an owner of his property, which is necessary to sustain a larceny conviction, can be inferred from the fact of the taking where the evidence does not give rise to the inference that the perpetrator ever intended to return the property but instead requires the conclusion that he was totally indifferent as to whether the owner recovered his property. *State v. Smith*, 268 N.C. 167, 150 S.E. 2d 194 (1966); *c.f. State v. Watts*, 25 N.C. App. 194, 212 S.E. 2d 557 (1975) (evidence of intent to return property). There is no evidence that respondent intended to return the Datsun to its owner; rather, his flight from and abandonment of the vehicle "put it beyond his power to return [the Datsun] and showed total indifference as to whether [the owner] ever recovered [it]." This is sufficient evidence of an intent to deprive permanently. *State v. Smith*, 268 N.C. at 173, 150 S.E. 2d at 200.

Affirmed.

Judges CLARK and WEBB concur.