IN THE MATTER OF: SARAH ANN DULANEY

No. 841DC717

(Filed 7 May 1985)

**Receiving Stolen Goods § 5.2— juvenile riding in stolen car—evidence insufficient**

> The trial court erred in denying a juvenile's motion to dismiss the charge of felonious possession of stolen property where the evidence showed that the juvenile was a passenger in a stolen vehicle and that at some point she learned that the vehicle was stolen but did not permit a finding that she possessed the vehicle knowing or having reasonable grounds to believe it to have been stolen, or that she acted with dishonest purpose. G.S. 14-71.1, G.S. 14-72, G.S. 7A-631.

APPEAL by juvenile from *Beaman, Judge*. Orders entered 11 April 1984 in District Court, PASQUOTANK County. Heard in the Court of Appeals 15 February 1985.

The juvenile was charged with being a delinquent child in that she did unlawfully, willfully, and feloniously possess a Volkswagen van, knowing and having reasonable grounds to believe it to have been feloniously stolen. The evidence tended to show that the juvenile was staying with two female friends, one an adult and the other a juvenile, during the weekend. At approximately 1:00 a.m. on Monday morning two adult males in possession of a Volkswagen van visited the juvenile and her friends. They invited them to accompany them to Florida. The females, including the juvenile, accepted and rode with the males to South Mills where they obtained additional clothing. They then proceeded to Robersonville where they stopped for the night and were subsequently arrested. The juvenile became aware that the van was stolen while en route to South Mills.

The court denied the juvenile's motions to dismiss, found that she had "committed the felonious offense of possession of stolen property in violation of G.S. 14-71.1," and adjudicated her a delinquent child as defined in G.S. Sec. 7A-517(12). It placed her on supervised probation for one year. The juvenile appeals from the adjudication and disposition orders.

*Attorney General Edmisten, by Assistant Attorney General David Gordon, for the State.*

*White, Hall, Mullen, Brumsey & Small, by G. Elvin Small, III, for juvenile appellant.*

WHICHARD, Judge.

The juvenile contends the court erred in denying her motions to dismiss. We agree.

The essential elements of felonious possession of stolen property are: (1) possession of personal property, (2) valued at more than $400.00, (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property was stolen, and (5) the possessor acting with a dishonest purpose. G.S. 14-71.1, -72; *State v. Perry*, 305 N.C. 225, 233, 287 S.E. 2d 810, 815 (1982). One has possession of stolen property when one has both the power and intent to control its disposition or use. *See State v. Harvey*, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972).

With certain exceptions not pertinent here, a respondent in a juvenile adjudication hearing is entitled to "all rights afforded adult offenders." G.S. 7A-631. The juvenile respondent thus is entitled to have the evidence evaluated by the same standards as apply in criminal proceedings against adults. *In re Meut*, 51 N.C. App. 153, 155, 275 S.E. 2d 200, 201 (1981). The evidence must therefore be interpreted in the light most favorable to the State and all reasonable inferences favorable to the State must be drawn therefrom. *State v. Bridgers*, 267 N.C. 121, 125, 147 S.E. 2d 555, 557 (1966). However, "there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss." *State v. Stephens*, 244 N.C. 380, 383, 93 S.E. 2d 431, 433 (1956); *see also State v. Lanier*, 50 N.C. App. 383, 388, 273 S.E. 2d 746, 749-50 (1981).

**In re Dulaney**

Viewed by these standards, we find the evidence insufficient to withstand the motions to dismiss. It tended to show that the juvenile was a passenger in the stolen vehicle and that at some point while en route to South Mills she learned that the vehicle was stolen. No evidence in any way links her to the theft or tends to show that she had control or could have exercised control over the vehicle. She merely accepted a ride to Florida with friends without knowing or having reasonable grounds to believe that the travel would be by stolen vehicle. Her subsequent acquisition of knowledge that the vehicle was stolen did not suffice to give her actual or constructive possession of it. No evidence suggests any dominion or control on her part. The evidence thus did not permit a finding that she possessed the vehicle knowing or have reasonable grounds to believe it to have been stolen, or that she acted with a dishonest purpose. *Perry*, 305 N.C. 225, 287 S.E. 2d 810.

Two cases are particularly instructive:

In *State v. Hughes*, 16 N.C. App. 537, 192 S.E. 2d 626 (1972), the defendant Hughes was a passenger in an automobile that recently had been stolen by the individual who was driving when officers stopped the automobile and arrested the occupants. In reversing Hughes' conviction this Court stated:

There is no evidence that defendant Hughes was acting in concert with [the driver] or that they were in *particeps criminis*. From the face of the record it could just as easily be inferred that defendant Hughes was a hitchhiker or an innocent friend just along for the ride. Therefore, the trial judge erred in denying defendant Hughes' motion [to dismiss].

*Id.* at 540-41, 192 S.E. 2d at 628.

In a similar juvenile case, *In re Owens*, 22 N.C. App. 313, 206 S.E. 2d 342 (1974), the juvenile was observed riding in the right front passenger seat of a stolen car. In reversing the denial of the motion to dismiss, this Court stated, "The evidence . . . merely shows that [the juvenile] was riding as a passenger in a stolen car. There was no evidence of conduct on his part that suggests a guilty mind. There is absolutely no evidence in this record that he was acting in concert with the driver . . . ." *Id.* at 315, 206 S.E. 2d at 344.

The evidence here, in the light most favorable to the State, also shows only that the juvenile was a passenger in a stolen vehicle. It fails to show that she possessed the vehicle knowing or having reasonable grounds to believe that it was stolen, or that she acted with a dishonest purpose. The court thus erred in denying the motions to dismiss.

Reversed.

Judges WELLS and BECTON concur.