An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-5

Filed 17 June 2026

Cumberland County, Nos. 24JB000153-250; 25JB010001-250

IN THE MATTER OF: I.M.F.

Appeal by juvenile from orders entered 20 May 2025 and 29 May 2025 by Judge Toni S. King in Cumberland County District Court. Heard in the Court of Appeals 2 June 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Benjamin D. Busch, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for juvenile-appellant.*

DILLON, Chief Judge.

Juvenile I.M.F. appeals the trial court's adjudication and disposition orders adjudicating Juvenile delinquent and committing Juvenile to a youth development center. For the reasoning below, we affirm.

## I.     Background

In November 2024, the trial court adjudicated Juvenile delinquent due to Juvenile's admissions to two felonies and imposed one year of supervised probation.

Weeks later, on 6 December 2024, the Department of Public Safety filed a motion for review alleging several probation violations.

The next day, the victims' car was taken from her apartment without her permission. Two days after the car was taken, a police officer saw the stolen vehicle driving at night without headlights, attempted to initiate a traffic stop, and noticed three individuals in the vehicle, two of which were wearing ski masks.

Instead of stopping, the driver of the stolen vehicle sped up, and a high-speed chase ensued, during which police saw items being thrown out of the vehicle on its passenger side. After about a 20-minute chase that reached speeds of 80 to 110 miles per hour, the stolen vehicle crashed. Police removed the occupants from the vehicle, and specifically, an officer removed a masked Juvenile from the front passenger seat.

Police filed a juvenile petition, alleging, among other charges, possession of a stolen motor vehicle. At a hearing, Juvenile contested the possession charge but admitted to willfully violating his November 2024 probation. Juvenile appealed.

II.     Petition for Writ of Certiorari

Juvenile appeals from an adjudication order entered 20 May 2025 and a disposition order entered 29 May 2025. Juvenile, however, did not file his notice of appeal until 30 June 2025. Our General Statutes require a juvenile to appeal a final order "in open court at the time of the hearing or in writing within 10 days after entry of the order." N.C.G.S. § 7B-2602. Admittedly, Juvenile's notice of appeal is

untimely,[1] and to cure this error, Juvenile filed a petition for writ of *certiorari*. We grant *certiorari* to consider the merits of Juvenile's appeal.

III.    Analysis

Juvenile argues the trial court erred by adjudicating Juvenile delinquent due to insufficient evidence of Juvenile's possession of the motor vehicle and his knowledge that the vehicle was stolen. We disagree.

This Court reviews de novo the trial court's denial of motion to dismiss. *State v. Tucker*, 380 N.C. 234, 236 (2022) (citation omitted). In conducting this review, we consider "the evidence in the light most favorable to the State, resolving all conflicts in the evidence in favor of the State and giving it the benefit of all reasonable inferences." *State v. Perry*, 389 N.C. 88, 92 (2026) (citation omitted). The trial court properly denies a motion to dismiss "[i]f there is more than a scintilla of evidence, whether direct or circumstantial, or a combination, to support a finding that the offense charged has been committed and that the defendant committed it[.]" *Id.* (citations and internal marks omitted). Ultimately, "[t]o survive a motion to dismiss, the State faces a 'low bar.'" *Id.* (citation omitted).

"Any person . . . who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken[ ]" is guilty of possession of a

---

[1] The State points out other deficiencies with Juvenile's notice of appeal, which we decline to address as we have granted *certiorari* to assess the merits of this appeal.

stolen motor vehicle.  N.C.G.S. § 14-71.2; *see also State v. Robinson*, 368 N.C. 402, 407 (2015) (citation omitted).

The State's evidence tended to show the following:  two days prior to the car chase, the victim's car was stolen; the night of the chase, police saw the vehicle driving at night without headlights; the driver and Juvenile (who was seated in the front passenger's seat during the entire interaction) both wore ski masks; the driver began a high-speed chase when police attempted to initiate a traffic stop; police saw potential contraband being thrown from the passenger side of the vehicle during the high-speed chase; the driver crashed the vehicle and the occupants surrendered; police removed Juvenile from the front passenger seat, but police removed the other occupants from the driver's side of the vehicle; and finally, in addition to the damage to the front of the vehicle, police noticed the steering column panel was missing with wires exposed and the driver's window was broken.

At the hearing, the State relied on the theories of recent possession and acting in concert.  After presentation of the State's evidence, the trial court denied Juvenile's motion to dismiss the charge of possession of stolen motor vehicle.

### A.  Possession

Juvenile argues there was insufficient evidence for the trial court to conclude Juvenile "possessed" the vehicle.  We disagree.

The doctrine of recent possession permits an inference of guilt if "the State shows beyond a reasonable doubt:  (1) the property . . . was stolen; (2) the stolen goods

were found in the defendant's [possession;] and (3) the possession was recently after the larceny, [but] mere possession of stolen property being insufficient to raise a presumption of guilt." *State v. Maines*, 301 N.C. 669, 674 (1981) (citations omitted); *State v. McDaniel*, 372 N.C. 594, 604 (2019) ("[P]ossession of recently stolen property raises a presumption of the possessor's guilt of the larceny of such property. The presumption['s strength] depend[s] [on] the circumstances of the case and the length of time . . . between the larceny of the goods and the discovery of them in [the] defendant's possession." (citation omitted)).

The recent possession doctrine requires "exclusive possession" which includes "joint possession of co-conspirators or persons acting in concert in which case the possession of one criminal accomplice would be the possession of all." *Id.* at 606 (citation omitted). "[U]nder the doctrine of acting in concert, when two or more persons act together in pursuance of a common plan or purpose, each is guilty of any crime committed by any other in pursuance of the common plan or purpose." *State v. Facyson*, 367 N.C. 454, 459–60 (2014) (cleaned up). The evidence need only show the defendant "is acting together with another who does the acts necessary to constitute the crime pursuant to a common plan or purpose to commit the crime." *State v. King*, 343 N.C. 29, 36 (1996) (citation omitted).

We have held that when a defendant is merely a passenger in a stolen vehicle there is insufficient evidence of possession because there is no evidence that the defendant is acting in concert with another occupant. *See, e.g., State v. Franklin*, 16

N.C. App. 537, 540–41 (1972) ("From the face of the record it could just as easily be inferred that [the] defendant [ ] was a hitchhiker or an innocent friend just along for the ride."); *In re Owens*, 22 N.C. App. 313, 315 (1974); *In re Dulaney*, 74 N.C. App. 587, 589 (1985); *State v. Bartlett*, 77 N.C. App. 747, 750–52 (1985); *State v. Quinones*, 258 N.C. App. 559, 562 (2018) ("[M]erely being in [a] stolen vehicle is not sufficient, standing alone, to satisfy the element of possession." (citation omitted)).

But when there is evidence of culpable conduct, the fact-finder may conclude there is possession based on the acting in concert doctrine. *State v. Frazier*, 268 N.C. 249, 251–52 (1966) (on-foot flight of both driver and passenger after officer merely approached the men was sufficient to support jury finding of joint possession); *In re Ashby*, 37 N.C. App. 436, 439–40 (1978) (juvenile's flight was a circumstance "giving rise to a permissible inference . . . [of] a guilty mind").

Juvenile was not merely a passenger. Rather, the evidence shows he was acting together with the driver in pursuit of a common plan to possess the stolen motor vehicle. *Facyson*, 367 N.C. at 459–60; *see also State v. Golphin*, 352 N.C. 364, 459–60 (2000) (holding there was sufficient evidence the defendants "acted with a common purpose in possessing the stolen vehicle" and thus acted in concert). When viewing the evidence in a light most favorable to the State, *see Perry*, 389 N.C. at 92 (citation omitted), during the vehicle's flight in the high-speed chase, a passenger on the right side of the stolen vehicle threw potential contraband out of the vehicle, and Juvenile was the only occupant removed from the passenger's side. The conduct here,

while not precisely the same as the flight in *Frazier* and *Ashby*, indicates Juvenile participated in the driver's flight by throwing potentially incriminating items out of the window while wearing a mask, and tended to show he acted in concert with the driver. Thus, the State presented sufficient evidence of possession.

## B. Knowledge

Next, Juvenile argues the State failed to present sufficient evidence that Juvenile "knew or should have known the car was stolen." We disagree.

General Statute 14-71.2 requires evidence "that [the] defendant knew or had reason to know the car was stolen." *State v. Suitt*, 94 N.C. App. 571, 573 (1989) (citation omitted). "Whether the defendant knew or had [reason to know] the [vehicle] was stolen must necessarily be proved through inferences drawn from the evidence." *State v. Brown*, 85 N.C. App. 583, 589 (1987) (citation omitted).

Here, when viewed in a light most favorable to the State, *see Perry*, 389 N.C. at 92 (citation omitted), the evidence supports the inference that Juvenile, at the very least, had reason to know the vehicle was stolen. In addition to the facts that someone took the victim's car without her permission and that Juvenile participated in the high-speed chase by throwing out potential contraband, both the driver and Juvenile had ski masks over their faces. Moreover, the steering column panel was missing with the wires exposed, which, coupled with the fact the car was taken without permission, permits the inference that the car was started not by a key but by tampering with the vehicle. *See id.* (duty to draw reasonable inferences in favor of

the State). Thus, Juvenile's proximity to the tampered-with steering column (as he sat in the front passenger's seat) and his attempt to conceal his identity by the mask indicated that Juvenile had at the very least, reason to know the car was stolen.

Juvenile urges us to consider the fact that the damage to the steering column may have occurred during the crash, precluding the conclusion Juvenile knew the car was stolen. Considering Juvenile's mask, that the vehicle was taken without permission, the *missing*, and not merely damaged, steering column panel, and our duty to "resolv[e] all conflicts in the evidence in favor of the State and giving it the benefit of all reasonable inferences[,]" *see id.*, the State presented sufficient evidence of Juvenile's knowledge.

## IV. Conclusion

The State presented sufficient evidence of Juvenile's possession and knowledge. Accordingly, we affirm the trial court's orders.[2]

AFFIRMED.

Judges ZACHARY and HAMPSON concur.

Report per Rule 30(e).

---

[2] Our resolution of the issue above also resolves Juvenile's contention that the trial court erroneously elevated Juvenile's disposition level based on its consideration of the new adjudication. While the State argues the trial court's elevation is sustainable even if the court erred at the adjudication stage due to Juvenile's unrelated probation violations, we conclude the trial court did not err in entering the disposition order.