## STATE OF NORTH CAROLINA v. FORREST LEE JETTON.

(Filed 10 July 1968.)

**1. Criminal Law § 88—**

Objection to a question by defense counsel on cross-examination seeking to elicit testimony which had previously been given by the witness is properly sustained, defendant not being prejudiced by the court's refusal to allow the witness to repeat his testimony.

**2. Criminal Law § 73—**

Testimony by a police officer as to what another witness had told him in defendant's presence, the other witness previously having testified as to what he had told the officer, is properly admitted for the purpose of corroboration.

**3. Criminal Law § 104—**

Upon motion for nonsuit, the evidence must be taken in the light most favorable to the State, giving the State the benefit of every reasonable inference which arises from the evidence.

**4. Larceny §§ 5, 7—**

Evidence of the State tending to show that the automobile in question was owned by and was in the lawful possession of a credit corporation, that the automobile was taken from the premises of the credit corporation without its consent, that when apprehended a few days later defendant had possession and control of the automobile, and that defendant had no evidence of ownership, *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of larceny, of the automobile upon instructions as to recent possession of stolen property.

**5. Criminal Law § 166—**

Exceptions and assignments of error not brought forward and argued in the brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

APPEAL by defendant from *Snepp, J.,* 3 October 1967, Schedule C Session, MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with the felonious larceny of an automobile of Commercial Credit Corporation. The defendant entered a plea of not guilty.

The State's evidence consisted of the testimony of three witnesses. The defendant offered no evidence.

Danny Cowan, Finance Manager for Commercial Credit Corporation, 1300 South Tryon Street, Charlotte, North Carolina, testified that a repossessed 1965 four-door, beige, Chevrolet Bel Air automobile of a value of approximately $1,300 to $1,400 was removed from Commercial Credit Corporation's lot at 1301 South Tryon Street, Charlotte, North Carolina, between 6:00 p.m. Friday, 4 August 1967, and 8:30 a.m. Monday, 6 August 1967, and that said automobile was removed from the premises of Commercial Credit

Corporation without permission. That the automobile in question belonged to Commercial Credit Corporation. That the police were notified.

L. M. Hatchell, an officer with the Charlotte Police Department, testified that on 10 August 1967 he stopped the defendant, who was driving a 1965 four-door, beige, Chevrolet Bel Air automobile. That defendant could not produce a North Carolina driver's license, nor the registration card for the automobile being driven and that defendant gave him a driver's permit in the name of Douglas Falls. That he checked the daily theft bulletin and determined that the automobile in question was one reported as stolen from the Commercial Credit Corporation, and the serial number on the automobile driven by defendant matched the serial number on the daily theft bulletin. That he carried the defendant to the police station where, at a later time, defendant was identified by Officer T. N. Kiser as Forrest Lee Jetton, and that Forrest Lee Jetton, the defendant appearing in Court was the same person that identified himself as Douglas Falls.

T. N. Kiser, Detective, Charlotte Police Department, testified that he talked with Officer Hatchell and looked at the automobile in question. That he also talked to "Douglas Falls," whom he recognized as Forrest Lee Jetton, as he knew Jetton personally.

From a verdict of guilty as charged, and the judgment entered thereon, the defendant appealed.

*T. W. Bruton, Attorney General, by William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*Charles B. Merryman, Jr., for defendant appellant.*

BROCK, J. Defendant assigns as error that the trial judge restricted his cross-examination of the State's witness Danny Cowan as to the ownership of the stolen vehicle.

In his cross-examination the defendant's counsel sought to elicit a second time that the title to the vehicle in question was registered in the name of some person in South Carolina.

The witness had already testified that the vehicle title was registered in the name of someone in South Carolina, and the trial judge stated that he was sustaining the objection to the second inquiry because of repetition. Clearly the defendant was not prejudiced by not being allowed to have the witness repeat his testimony. It is the duty of the trial judge to restrict counsel from unnecessary examination or cross-examination of witnesses. This assignment of error is without merit and is overruled.

STATE *v.* JETTON.

The defendant assigns as error that the trial judge restricted his cross-examination of the State's witness L. M. Hatchell with respect to his identification of the defendant as the driver of the vehicle.

Defendant's counsel had cross-examined the witness completely with respect to the occupants of the vehicle, and, when he undertook to do the same thing again, the trial judge sustained the solicitor's objection. This assignment of error is without merit and is overruled.

The defendant assigns as error that the trial judge allowed the State to offer hearsay testimony. The State's witness T. N. Kiser testified as to what the State's witness L. M. Hatchell had told him in the presence of the defendant in the interrogation. The witness Hatchell had already testified to the same thing and had been extensively cross-examined by defendant's counsel. Also, upon defendant's objection to the hearsay testimony the trial judge correctly instructed the jury that it was being admitted for corroborative purposes only. This assignment of error is without merit and is overruled.

The defendant assigns as error that the trial judge overruled his motion for judgment as of nonsuit. It is established in this State that, upon a motion for nonsuit in a criminal case, the evidence must be taken in a light most favorable to the State and the Court must give the State the benefit of every reasonable inference which arises from the evidence. *State v. Bridgers,* 267 N.C. 121, 147 S.E. 2d 555.

The State's evidence tended to show that the automobile in question was owned by and was in the lawful possession of Commercial Credit Corporation; that the automobile was taken from the premises of Commercial Credit Corporation without its permission or consent; that the defendant was in possession and control of the automobile in question when apprehended by the police; and that defendant had no evidence of ownership of the automobile in question. The case was submitted to the jury by the trial judge upon instructions concerning "recent possession." This assignment of error is overruled.

The defendant excepted to and assigned as error a portion of the judge's charge relative to lawful possession by Commercial Credit Corporation, but this exception and assignment of error is not brought forward and argued in his brief. It is therefore deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Nevertheless, we have examined the judge's charge in this respect and find it to contain no prejudicial error.

In the defendant's trial we find

No error.

MALLARD, C.J., and PARKER, J., concur.