STATE OF NORTH CAROLINA v. JOHNNY A. FRANKLIN
— AND —
STATE OF NORTH CAROLINA v. BILLY EUGENE HUGHES

No. 7229SC776

(Filed 22 November 1972)

1. Larceny § 7— larceny of automobile — directed verdict — sufficiency of evidence

The trial court erred in denying defendant Hughes' motion for directed verdict at trial on a felonious larceny charge where the State presented no evidence tending to show that Hughes was in joint possession of the stolen vehicle in which he was a passenger at the time of his arrest some 24 hours after the vehicle had been stolen.

2. Larceny §§ 5, 7— possession of recently stolen property — directed verdict — sufficiency of evidence

The trial court properly denied defendant Franklin's motion for directed verdict in a felonious larceny case where the evidence tended to show possession of recently stolen property in that defendant was arrested while in possession and control of a station wagon approximately 24 hours after it had been reported stolen and a registration certificate found inside the automobile indicated ownership by another.

APPEAL from *Wood, Judge,* 17 April 1972 Session of Superior Court, MCDOWELL County.

Defendants Franklin and Hughes were charged in separate bills of indictment with felonious larceny of a 1966 Rambler station wagon. Upon motion of the State and counsel for defendants, the two cases were consolidated for the purpose of trial. Each defendant entered a plea of not guilty.

The State presented evidence which tended to show the following:

On the night of 26 August 1971 between 10:00 p.m. and 11:00 p.m., a green 1966 Rambler station wagon belonging to J. D. Young was taken from in front of his home in Marion and driven away without his permission. Mr. Young then notified the police.

Approximately 24 hours later, at about 11:00 p.m. on the night of 27 August 1971, Patrolmen S. G. Ball and L. A. Turner were investigating an accident involving an automobile that had run into a ditch along Rural Paved Road No. 1416. Their attention was attracted to a green Rambler station wagon that rounded a curve and came to a fast stop approximately 50 feet from where they were standing. They observed the station wagon turn onto a gravel road, and a few minutes later, while they were still involved in getting the other vehicle out of the ditch, the Rambler came out of the gravel road and headed back in a southerly direction on 1416 away from the patrolmen. Patrolman Ball got into his patrol car and gave pursuit, thinking that there was something suspicious in the abrupt way the station wagon had earlier stopped plus the fact he had been notified to watch out for a stolen vehicle fitting the description of the vehicle he was following.

Patrolman Ball easily overtook and stopped the vehicle and stated at trial that the defendants were "not trying to outrun me." He further testified that Johnny Franklin was driving the vehicle and that defendant Hughes and Franklin's brother Nevel (not involved in this action) were passengers.

A registration certificate found in the vehicle indicated that J. D. Young was the owner and this was confirmed by a "Master Check" with the North Carolina Department of Motor Vehicles.

Neither defendant offered evidence in his behalf. Each defendant was convicted by the jury, and from judgment entered on the verdict each defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Satisky, for the State.*

*Story and Hunter, by Paul J. Story, for defendant appellants.*

MORRIS, Judge.

Each defendant has assigned as error the trial judge's denial of his motions for directed verdict at the close of the State's evidence and at the close of all the evidence. A motion for a directed verdict of not guilty like the motion of nonsuit challenges the sufficiency of the evidence to go to the jury. *State v. Woodlief*, 2 N.C. App. 495, 163 S.E. 2d 407 (1968). Also it is established in North Carolina that upon a motion for nonsuit in a criminal case, the evidence must be interpreted in the light most favorable to the State, giving the State the benefit of all reasonable inferences that may be drawn. *State v. Bridgers,* 267 N.C. 121, 147 S.E. 2d 555 (1966).

## APPEAL OF DEFENDANT HUGHES

[1] Defendant Hughes contends that the State presented no evidence tending to show that he was in joint possession of the stolen vehicle with defendant Franklin who was driving the automobile when they were arrested.

The State argues that defendant Hughes was found to be riding in the stolen vehicle approximately 24 hours after it was stolen and this, coupled with the alleged attempt to evade the arresting officers by turning in a gravel road and then doubling back, is enough to raise the inference created by the doctrine of possession of recently stolen property. The State further contends that since Hughes has given no contrary explanation as to why he was riding in the stolen vehicle, this is enough to sustain his conviction.

> "The possession of stolen property recently after the theft, and under circumstances excluding the intervening agency of others, affords presumptive evidence that the person in possession is himself the thief, and the evidence is stronger or weaker, as the possession is nearer to or more distant from the time of the commission of the offense." *State v. Cotten,* 2 N.C. App. 305, 310, 163 S.E. 2d 100 (1968).

As to the possession required to give rise to the above inference, Justice Bobbitt, now C.J., quoted in *State v. Frazier,* 268 N.C. 249, 150 S.E. 2d 431 (1966), the following at page 252:

"In 52 C.J.S., Larceny § 107(b), the author, in discussing the significance of proof of possession by the accused of recently stolen property, says: 'Possession may be personal and exclusive, although it is the joint possession of two or more persons, if they are shown to have acted in concert, or to have been *particeps criminis*, the possession of one participant being the possession of all.' "

The State in its brief relies on the Frazier case to support its position. *Frazier* involved a prosecution of two defendants for taking an automobile, without the consent of the owner, with intent to deprive him temporarily of possession of the automobile, without intent to steal in violation of G.S. 20-105. In *Frazier* there was evidence that an automobile was stolen by someone from a parking lot, and that approximately 10 hours later, officers saw one defendant driving that automobile and the second defendant sitting in the front seat with him, and that the officers drove up to question the defendants while the defendants were stopped at an intersection in obedience to a stop light. When one of the officers got out of the police car to talk to defendants "they started pulling off" and in doing so, the front of their car hit the police car. Both defendants jumped from the automobile and attempted to flee on foot. The Court stated:

"In our view, the unlawful and unexplained occupancy and use of Morton's Dodge by Frazier [driver] and Givens [passenger] under the circumstances disclosed by the evidence, and precipitous flight of both defendants when approached by the officers, was sufficient to permit and to support a finding by the jury that the Dodge was in the *joint possession* of Frazier and Givens." *Frazier* at p. 252. (Emphasis added.)

The Frazier case is distinguishable on its facts from the case at hand. Taking the evidence in the light most favorable to the State, all that is shown is that defendant Hughes was a passenger in a stolen vehicle. The arresting patrolman testified that defendants were "not trying to outrun me." And once the vehicle was stopped, defendant Hughes did not attempt to flee on foot. There is no evidence that defendant Hughes was acting in concert with defendant Franklin or that they were *particeps criminis*. From the face of the record it could just as easily be inferred that defendant Hughes was a hitchhiker or

an innocent friend just along for the ride. Therefore, the trial judge erred in denying defendant Hughes' motion.

## APPEAL OF DEFENDANT FRANKLIN

[2] In relation to the denial of his motion for a directed verdict, defendant Franklin contends that evidence presented at trial is sufficient to rebut the inference of his guilt arising from his possession of recently stolen property which he concedes is established by the evidence presented. More specifically defendant Franklin argues that had he actually stolen the car and known he was suspected, then in a 24-hour period, he could have placed himself far beyond the reach of any officer in North Carolina. We find no merit in the somewhat strained logic of this argument.

In *State v. Jetton,* 1 N.C. App. 567, 162 S.E. 2d 102 (1968), the evidence tended to show that the automobile in question was owned by and was in the lawful possession of a credit corporation; that the automobile was taken from the premises of the credit corporation without its consent. When apprehended at least four days later, defendant had possession and control of the automobile but had no evidence of ownership. This Court in *Jetton* held that this evidence was sufficient to submit to the jury on the issue of defendant's guilt of larceny of an automobile upon instructions as to the "recent possession" of stolen property.

Taking the evidence in the light most favorable to the State, defendant Franklin was arrested in possession and control of the station wagon, being identified by the arresting officer as its driver, approximately 24 hours after it had been reported stolen, with a registration certificate found inside the automobile indicating ownership by another. Defendant's possession in this case was much more "recent" than the defendant's in the Jetton case. Here there is also the factor of the registration certificate indicating ownership in another. There was ample evidence to go to the jury, and defendant Franklin's assignment of error is overruled.

As to defendant Hughes—Reversed.

As to defendant Franklin—No error.

Judges CAMPBELL and PARKER concur.