STATE OF NORTH CAROLINA v. RONALD COLEMAN

No. 7226SC669

(Filed 20 December 1972)

Larceny § 7— sufficiency of evidence for jury

The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of larceny of an automobile where it tended to show that on 19 January 1972 police officers stopped an automobile driven by a State's witness that had been stolen from a car dealer's premises in early October 1971, that while officers had the automobile stopped, defendant approached and stated that it was his automobile but failed to produce a vehicle registration for it upon request, that the automobile bore a license tag that had been reported lost or stolen, and that defendant had been in possession of the automobile for the two months that the driver had known him prior to being stopped by the police.

APPEAL by defendant from McLean, Judge, 24 April 1972 Schedule "C" Session of Superior Court held in MECKLENBURG County for the trial of criminal cases.

Defendant was charged in a bill of indictment, proper in form, with the felony of larceny. The evidence for the State tended to show that Avis Rent-A-Car (Avis) purchased from Town and Country Ford, Inc. (Town and Country) a 1972 Ford LTD automobile bearing serial No. 2N64S103637. Shortly after it was delivered on or about 1 October 1971, with 39 or 40 others, it was observed that the paint on this automobile was not of a uniform color. It bore N. C. License No. 6040-C. It was returned to Town and Country around the first of October 1971 for repainting. While it was being processed at the place of business of Town and Country, it was stolen. It had a fair market value of $3,866.35. On 19 January 1972, a police officer of the City of Charlotte stopped the stolen automobile which was

State v. Coleman

being operated by State's witness Carlton Johnson (Johnson). While the police had the automobile stopped, the defendant approached and stated that it was his automobile but did not produce a vehicle registration for it upon request. The automobile did not have on it the license tag (6040-C) issued for it but bore a license tag that had been reported lost or stolen during the latter part of November 1971. Johnson testified for the State that at the time he was stopped by the police while operating the stolen vehicle, he had known the defendant for about two months and that the defendant had been in possession of the car during all that time.

The defendant offered no evidence.

From a verdict of guilty and judgment of imprisonment, the defendant appealed, assigning error.

*Attorney General Morgan and Assistant Attorney General Briley for the State.*

*L. Stanley Brown for defendant appellant.*

MALLARD, Chief Judge.

In the original record the serial number of the stolen vehicle is correctly stated in the bill of indictment as 2N64S103637, while in the testimony of the witness and the charge of the court, the serial number is stated as "2N641103637." After the record on appeal in this case was reproduced, the court reporter filed an affidavit in the office of the Clerk of Superior Court of Mecklenburg County in which she stated that she made an error in transcribing the serial number as "2N641103637" in the original record and that in the testimony of witnesses and the charge of the court the serial number was correctly stated as 2N64S103637. This correction has been certified to this court by the Clerk of the Superior Court of Mecklenburg County.

The defendant contends that the trial judge committed error in failing to allow his motion for judgment as of nonsuit. The evidence was circumstantial, but we think it was ample to require submission of the case to the jury.

Defendant also contends that the trial judge committed error in the admission of evidence and in the charge to the jury. We do not agree. After carefully examining all of the defend-

ant's assignments of error, we are of the opinion that the defendant has had a fair trial, free from prejudicial error.

No error.

Judges BROCK and BRITT concur.