State v. Murchison

We hold that dismissal of plaintiff's action was improper.

Reversed.

Judges BRITT and BALEY concur.

STATE OF NORTH CAROLINA v. HARVEY LEE MURCHISON

No. 7310SC408

(Filed 11 July 1973)

Larceny § 7— larceny of automobile — sufficiency of evidence

Evidence was sufficient to withstand defendant's motion for non-suit in a larceny case where it tended to show that on the same day a car owner discovered his vehicle missing, a deputy sheriff saw seven Negro males in the car, that the deputy later saw the car with its passengers and defendant driving, that the deputy asked to see defendant's driver's license and the vehicle registration, that defendant fled from the deputy, was apprehended later that day, and again attempted to escape.

APPEAL by defendant from *Hobgood, Judge,* First January 1973 Regular Criminal Session of WAKE County Superior Court.

Defendant was tried by proper indictment for larceny of an automobile. He was found guilty by a jury and sentenced to imprisonment for three years.

*Attorney General Robert Morgan by Associate Attorney Edwin M. Speas, Jr., for the State.*

*Sanford, Cannon, Adams & McCullough by John H. Parker for defendant appellant.*

CAMPBELL, Judge.

The evidence stated in the light most favorable to the State tends to show that on 18 July 1972 William Prentice Baker III, Vice President of Baker Roofing Company, drove a 1971 Buick station wagon to his office. He left the keys in the automobile and did not lock the doors. When Baker left the office after 6:00 p.m. the car was missing and he had not given permission to anyone to use the car.

On 18 July 1972 Deputy Sheriff James Brown saw a green 1971 Buick station wagon with seven Negro males. Later the

same day he again saw the automobile with all its passengers at a ball park in Fuquay-Varina. Deputy Brown saw that the defendant was driving the automobile.

At the ball park the deputy had parked his car behind the Buick, and defendant asked the deputy to move his car so that the Buick could get out of the parking lot. Deputy Brown asked to see defendant's operator's license and the automobile registration. The Buick was registered to Baker Roofing Company; the defendant did not have an operator's license. Defendant ran from Deputy Brown.

Later that day defendant was apprehended by police in a city park in Raleigh, and again attempted to escape. Deputy Brown saw defendant in Raleigh at the police station and identified him as the driver of the stolen Buick.

That the above evidence is sufficient to withstand a motion for judgment as of the case of nonsuit is clearly established by law, and needs no elaboration. See for example, *State v. Coleman,* 17 N.C. App. 119, 193 S.E. 2d 292 (1972), in which the stolen automobile was found by police more than three months after the theft, and the automobile had been in defendant's possession for two months of that time; and *State v. Franklin* and *State v. Hughes,* 16 N.C. App. 537, 192 S.E. 2d 626 (1972), in which the defendant was arrested twenty-four hours after theft of the automobile which he was driving.

The defendant has had a fair trial free from prejudicial error.

No error.

Judges Hedrick and Baley concur.