STATE OF NORTH CAROLINA v. ANTHONY D. SUITT

No. 889SC823

(Filed 5 July 1989)

**Receiving Stolen Goods § 5.2— possession of stolen vehicle—insufficient evidence of guilty knowledge**

The State's evidence in a prosecution for possession of a stolen vehicle in violation of N.C.G.S. § 20-106 was sufficient to show that defendant had possession of the stolen car where it tended to show that defendant was driving the car when it was stopped by an officer some fifty minutes after it was stolen. However, the State failed to provide substantial evidence that defendant had knowledge or should have had knowledge that the car was stolen where it failed to contradict defendant's evidence that a co-defendant was driving the car when he picked up defendant at his girlfriend's house, that defendant began driving the car because the co-defendant did not have a valid license, and that defendant did not run from the car when it was stopped by an officer.

APPEAL by defendant from *Hight (Henry W., Jr.), Judge*. Judgment entered 2 March 1988 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 23 February 1989.

Defendant was charged with possession of a stolen vehicle under G.S. 20-106 and possession of a stolen firearm. After a jury trial, defendant was found not guilty of possession of a stolen firearm, but was convicted of possession of a stolen vehicle and a sentence was imposed. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General K. D. Sturgis, for the State.*

*Willie S. Darby for defendant-appellant.*

ORR, Judge.

The State's evidence tended to show that on 2 January 1988, Reverend David McCallum's yellow and gold 1981 Oldsmobile was stolen from his Durham, North Carolina townhouse around 12:00 a.m. While warming up his car, Reverend McCallum went back inside his apartment. Shortly thereafter, he returned to the driveway and found his car was gone. He immediately called the Durham Police Department.

At about 12:45 a.m., a Granville County Deputy Sheriff noticed a car traveling slowly and followed it. The car pulled off the road into a driveway and turned its lights off. Deputy Hicks went down the road, turned around in a driveway, went back down the road and parked his car. Approximately three minutes later, the car pulled out of the driveway and passed the deputy's parked car. The deputy called in the license plate number at about 12:50 a.m. and discovered the car was stolen. He then stopped the car.

Defendant claims he was at his girlfriend's house at about midnight on 2 January 1988 when the co-defendant, Walter Williams, a neighbor of McCallum's, went by the girlfriend's house and picked up defendant. Williams and defendant decided to go to a party in Creedmoor. Williams drove the car until they pulled in the driveway and turned out the lights. Then Williams asked defendant to drive the car because he did not have a driver's license. Defendant began driving whereupon the car was stopped by the deputy sheriff.

Defendant argues the trial court erred in denying his motion for nonsuit at the close of the State's evidence, or in the alternative,

STATE v. SUITT

[94 N.C. App. 571 (1989)]

at the close of all the evidence. We agree. When a motion for nonsuit is made, the court must determine if there is substantial evidence to show the crime as charged may have taken place and that the defendant could have been the perpetrator. *State v. Price*, 280 N.C. 154, 157, 184 S.E. 2d 866, 868 (1971). The court is to consider the State's evidence in the light most favorable to the State. Uncontradicted evidence which favors the State is considered true. Where the State's evidence is contradicted by the defendant both sides are considered. *Id.*

The defendant was charged under G.S. 20-106. The statute reads:

Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives or transfers possession of the same from or to another, or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken, and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be punished as a Class I felon.

The State must provide substantial evidence for the two elements of the charge against defendant. First, the State must provide substantial evidence that defendant had possession of the stolen car. Second, the State must provide substantial evidence that defendant knew or had reason to know the car was stolen. *State v. Lofton*, 66 N.C. App. 79, 83, 310 S.E. 2d 633, 635-36 (1984).

I.

The State argues the uncontested fact that defendant was driving the car was sufficient evidence to go to the jury on the possession element. To support this proposition, the State cites *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972), and *Lofton*, 66 N.C. App. 79, 310 S.E. 2d 633.

In *Harvey*, the defendant claimed the State failed to show he was in possession of the marijuana because the narcotics were in his storage room and not on his person. The North Carolina Supreme Court disagreed. The Court held, "Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *Harvey*, 281 N.C. at 12, 187 S.E. 2d at 714.

In *Lofton*, the defendant was charged with possession of stolen property. This Court reviewed several factors in trying to determine if the defendant was in possession of a stolen vehicle. This Court cited the fact the defendant had a key to the trunk of the vehicle where many of his belongings were stored. The defendant also had personal belongings in the glove compartment. Yet, the Court stated, "Although defendant was never seen actually driving the vehicle, the evidence showed that defendant, whether alone or in conjunction with his brother, had control and possession of the vehicle." *Lofton*, 66 N.C. App. at 83, 310 S.E. 2d at 636.

In the case *sub judice*, defendant did have control over the vehicle as set out in *Harvey* since he was driving it. The inference in *Lofton* is that the defendant had possession over the car *even though* he was not seen driving the car. We believe the State's uncontested evidence in the case *sub judice* was sufficient to go to the jury on the element of possession.

## II.

The other element of the charge of possession of a stolen vehicle under G.S. 20-106 is whether or not the defendant had knowledge or should have had knowledge that the car was stolen. We do not believe the State met its burden of providing substantial evidence of defendant's knowledge to carry this issue to the jury.

The State's evidence on this element is that defendant's girlfriend knew the car that Williams was driving was not his own. Further, defendant was a passenger and later the driver of the car. Yet, this Court has held that the State has not provided substantial evidence of knowledge when they simply show a defendant was riding in a stolen car. *State v. Franklin and State v. Hughes*, 16 N.C. App. 537, 540-41, 192 S.E. 2d 626, 628 (1972). Without further evidence in the record, the defendant could easily have been a hitchhiker or any other friend simply riding in the car. *Id.*

In *Lofton*, the defendant fled the parking lot where the stolen car was located when a sheriff's deputy arrived. This Court held the defendant's attempt to flee the sheriff was the most damaging factor in proving the defendant knew the vehicle was stolen. *Lofton*, 66 N.C. App. at 84, 310 S.E. 2d at 636.

In the case at bar, defendant claims he began the ride as a passenger in the car. Later, Williams asked defendant to drive the car because Williams did not have a valid driver's license.

The State does not contest this evidence. Further, defendant did not run from the car when the deputy sheriff pulled them over. There is in fact no evidence to impose defendant with knowledge that the car was stolen or evidence from which defendant could even have concluded that it was stolen.

We believe the State has failed to provide substantial evidence that defendant had knowledge or should have had knowledge that the car was stolen. Therefore, the trial court erred in denying defendant's motion to dismiss. Defendant's conviction and the judgment thereon are vacated.

Vacated.

Judges BECTON and PARKER concur.