THORNBURG, Judge.
 

 Defendant, Shawn Michael Seeley, appeals from a judgment entered upon his conviction by a jury of felonious possession of stolen goods. The State's evidence at trial tended to show that on the morning of 7 August 2002, E.J. Womack awoke to find his red 1994 CJ5 Jeep missing. The Jeep had been parked under a shelter in front of Womack's garage. Womack did not give anyone permission to take his Jeep, which had a value of approximately $5,000.
 

 On the evening of 9 August 2002, Charles Murchison heard a vehicle drive up and down the road outside his house. Murchison heard the vehicle turn into the driveway of his son's home, which is approximately 100 yards away. Murchison walked to his son'shome and saw a red Jeep parked near his son's shop. Defendant was in the driver's seat of the Jeep and three other men were standing outside the vehicle. Defendant told Murchison that they were looking for gas. Murchison, who knew defendant since he was six years old, told defendant that there was no gas at his son's house and to leave the premises. Defendant started backing out the Jeep, but ran out of gas at the end of the driveway. Murchison went home and told his wife to call the Sheriff. When Murchison walked to the crest of the hill, he saw that defendant and the three men had left the area. Sheriff deputies took possession of the Jeep and processed the Jeep for fingerprints. Defendant's fingerprint was found on the Jeep.
 

 Defendant did not present any evidence. A jury found defendant guilty of felonious possession of stolen goods and the trial court sentenced defendant to eight to ten months in the custody of the North Carolina Department of Corrections. Defendant appeals.
 

 In his sole argument on appeal, defendant contends that the trial court erred in denying his motion to dismiss based on insufficiency of the evidence. In considering a motion to dismiss, a court must determine whether there is substantial evidence of each element of the charged offense.
 
 State v. Jones,
 

 147 N.C. App. 527
 
 , 545,
 
 556 S.E.2d 644
 
 , 655 (2001),
 
 disc. review denied,
 

 355 N.C. 351
 
 ,
 
 562 S.E.2d 427
 
 (2002). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 State v. Smith,
 

 300 N.C. 71
 
 , 78-79,
 
 265 S.E.2d 164
 
 , 169 (1980). "[A]ll of the evidence, whether competent orincompetent, must be considered in the light most favorable to the state, and the state is entitled to every reasonable inference therefrom."
 
 Id.
 
 at 78,
 
 265 S.E.2d at 169
 
 .
 

 To obtain a conviction for possession of a stolen vehicle, the State must provide substantial evidence (1) that defendant had possession of the stolen car and (2) that defendant knew or had reason to know the car was stolen.
 
 State v. Suitt,
 

 94 N.C. App. 571
 
 , 573,
 
 380 S.E.2d 570
 
 , 571 (1989). Defendant argues the State presented no evidence that defendant knew or should have known the vehicle was stolen. In
 
 State v. Parker,
 
 our Supreme Court noted that a "defendant's `guilty knowledge' could be either actual or implied from [the] circumstances[.]"
 
 Parker,
 

 316 N.C. 295
 
 , 303,
 
 341 S.E.2d 555
 
 , 560 (1986). The Court stated, "[w]e have recognized that an accused's flight is evidence of consciousness of guilt and therefore of guilt itself."
 
 Id.
 
 at 304,
 
 341 S.E.2d at 560
 
 .
 

 Viewing the evidence in the light most favorable to the State and giving the State every reasonable inference arising therefrom, the evidence tends to show that defendant was observed driving the Jeep two days after its theft and defendant abandoned the Jeep when it ran out of gas. We conclude this evidence is sufficient to permit a juror to find that defendant knew or should have known that the vehicle in his possession was stolen. Accordingly, the trial court properly denied defendant's motion to dismiss.
 

 No error.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).