BERGER, Judge.
 

 *559
 
 On October 26, 2016, a Wake County jury found Tony Luis Quinones ("Defendant") guilty of possession of a stolen motor vehicle. Defendant was sentenced to nine to twenty months in prison, and appeals arguing that the jury instruction provided by the trial court contained an incorrect statement of law. We disagree.
 

 Factual and Procedural Background
 

 On April 20, 2016, Raleigh Police Officer Shane Pekich observed a white Lexus SUV near the intersection of South State Street and Bragg Street. Officer Pekich determined that the vehicle matched the description of a white Lexus SUV that had been reported stolen earlier that day. The vehicle approached the intersection with the right turn signal activated; however, the vehicle turned left onto South State Street and accelerated at a high rate of speed past Officer Pekich. Officer Pekich saw the vanity license plate on the white Lexus, which matched the personalized license plate of the white Lexus that had been reported stolen.
 

 *560
 
 Officer Pekich pursued the white Lexus and radioed for assistance. The white Lexus was traveling approximately sixty miles per hour in a thirty-five mile-per-hour zone. The vehicle came to a stop after running a red light and nearly being struck by another vehicle. Officer Pekich observed an individual dressed in white on the driver's side of the car fleeing the scene. Defendant was wearing a white t-shirt when he was apprehended and arrested shortly after abandoning the car and fleeing on foot. An officer at the scene observed that only the driver's door had been left open.
 

 Defendant asked Officer Pekich if they caught anyone else, and gave the description of another individual he contended was involved in the theft of the automobile. Defendant also described the clothing the other individual had on, which included a "black shirt or black hoodie." Officers spoke with the other individual who did in fact have on a black shirt, but he denied being in the white Lexus. Although Defendant's description matched the other individual, neither the description nor the other individual's appearance were consistent with the officer's observation of a person wearing a white t-shirt fleeing the scene.
 

 Defendant appeals his conviction for possession of a stolen motor vehicle, asserting that the jury instructions contained an incorrect statement of law concerning the element of possession. Defendant failed to object to the purported instructional error at trial.
 

 Standard of Review
 

 "In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent."
 
 State v. Eason
 
 ,
 
 328 N.C. 409
 
 , 420,
 
 402 S.E.2d 809
 
 , 814 (1991) ;
 
 see also
 
 N.C.R. App. P. 10(a)(1) (2017). The North Carolina Supreme Court "has elected to review unpreserved issues for plain error when they involve either (1) errors in the judge's instructions to the jury, or (2) rulings on the admissibility of evidence."
 
 State v. Gregory
 
 ,
 
 342 N.C. 580
 
 , 584,
 
 467 S.E.2d 28
 
 , 31 (1996). Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' "
 
 State v. Odom
 
 ,
 
 307 N.C. 655
 
 , 660,
 
 300 S.E.2d 375
 
 , 378 (1983) (quoting
 
 United States v. McCaskill
 
 ,
 
 676 F.2d 995
 
 , 1002 (4th Cir. 1982),
 
 cert. denied
 
 ,
 
 459 U.S. 1018
 
 ,
 
 103 S.Ct. 381
 
 ,
 
 74 L.Ed. 2d 513
 
 (1982) ).
 

 "Under the plain error rule, defendant must convince this Court not only that
 
 *737
 
 there was error, but that absent the error, the jury probably would have reached a different result."
 
 State v. Jordan
 
 ,
 
 333 N.C. 431
 
 , 440,
 
 426 S.E.2d 692
 
 , 697 (1993) (citation omitted).
 

 *561
 
 The plain error standard requires a defendant to demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. ... For plain error to be found, it must be probable, not just possible, that absent the instructional error the jury would have returned a different verdict.
 

 State v. Juarez
 
 ,
 
 369 N.C. 351
 
 , 358,
 
 794 S.E.2d 293
 
 , 299-300 (2016) (internal citations and quotation marks omitted).
 

 Analysis
 

 Defendant first contends that the jury instructions contained an incorrect statement of law concerning the element of possession which shifted the burden of proof from the State to Defendant. We disagree.
 

 "The prime purpose of a court's charge to the jury is the clarification of issues, the elimination of extraneous matters, and a declaration and an application of the law arising on the evidence."
 
 State v. Cameron
 
 ,
 
 284 N.C. 165
 
 , 171,
 
 200 S.E.2d 186
 
 , 191 (1973),
 
 cert. denied
 
 ,
 
 418 U.S. 905
 
 ,
 
 94 S.Ct. 3195
 
 ,
 
 41 L.Ed. 2d 1153
 
 (1974) (citations omitted). "It is the duty of the trial court to instruct the jury on all substantial features of a case raised by the evidence."
 
 State v. Shaw
 
 ,
 
 322 N.C. 797
 
 , 803,
 
 370 S.E.2d 546
 
 , 549 (1988) (citation omitted).
 

 A defendant may be convicted of possession of a stolen motor vehicle if the State proves that individual is in possession of a vehicle that he knows or has reason to believe is stolen or unlawfully taken.
 
 N.C. Gen. Stat. § 20-106
 
 (2017). Evidence that a defendant is operating a stolen vehicle is sufficient to establish possession.
 
 State v. Suitt
 
 ,
 
 94 N.C. App. 571
 
 , 574,
 
 380 S.E.2d 570
 
 , 572 (1989). Here, the trial court instructed the jury, in relevant part, as follows:
 

 Possession of a vehicle may be either actual or constructive. A person has actual possession of a vehicle if the person is aware of its presence,
 
 is in the car, such as driving
 
 , and has both the power and intent to control its disposition or use.
 

 A person has constructive possession of a vehicle if the person is aware of its presence and has both the power and intent to control its disposition or use.
 

 *562
 
 A person's awareness of the presence of the vehicle and the person's power and intent to control its disposition or use may be shown by direct evidence or may be inferred from the circumstances.
 

 If you find beyond a reasonable doubt that a white Lexus SUV vehicle was found in close physical proximity to the defendant, that would be a circumstance from which, together with other circumstances, you may infer that the defendant was aware of the presence of the vehicle and had the power and intent to control its disposition or use.
 

 However, the defendant's physical proximity, if any, to the vehicle does not by itself permit an inference that the defendant was aware of its presence or had the power or intent to control its disposition or use.
 

 Such an inference may be drawn only from this and other circumstances which you find from the evidence beyond a reasonable doubt.
 

 (Emphasis added).
 

 The trial court's instruction "is in the car, such as driving" relates to the theory of actual possession. Moreover, the wording by the trial court is consistent with the evidence that the driver's door was left open and that officers witnessed an individual in a white t-shirt fleeing from the driver's side of the car. The trial court correctly instructed the jury that, based upon the evidence presented in this case, the possession element could be satisfied if the jury found Defendant was operating the vehicle. When read as a whole, the instruction provided an accurate statement of the law arising from the evidence presented. Defendant's contention that the instruction shifted the burden of proof from the State is without merit.
 

 Defendant correctly asserts that merely being in that stolen vehicle is not sufficient,
 
 *738
 
 standing alone, to satisfy the element of possession.
 
 See State v. Franklin and
 

 State v. Hughes
 
 ,
 
 16 N.C. App. 537
 
 , 540-41,
 
 192 S.E.2d 626
 
 , 628 (1972). In that case, Defendant Hughes' conviction was overturned because he was simply a passenger in the stolen vehicle.
 

 Id.
 

 This Court noted that there was no evidence that Hughes tried to flee or otherwise acted in concert with co-defendant Franklin.
 

 Id.
 

 Here, the evidence was sufficient for the jury to infer that Defendant operated the stolen vehicle, and was not merely a passenger. The State
 
 *563
 
 presented sufficient evidence that an individual wearing a white shirt was fleeing from the driver's side of the Lexus after the car was abandoned, and the driver's door was the only door left open. Officers maintained almost constant visual contact with Defendant as he was fleeing. Defendant was arrested wearing a white t-shirt, and never denied being inside the automobile. Thus, the evidence tended to show that Defendant was more than merely a passenger in the stolen vehicle.
 

 Moreover, Defendant identified another individual as the culprit, but the description of the clothes provided by Defendant and confirmed by law enforcement did not match the white t-shirt they observed fleeing the scene and worn by Defendant. Thus, there was sufficient evidence presented by the State that Defendant had
 
 actual
 
 possession of the stolen vehicle. Even if, assuming
 
 arguendo
 
 , the instruction was erroneous, Defendant has not demonstrated that absent the purported error a different verdict was probable.
 
 See
 

 Juarez
 
 ,
 
 369 N.C. at 358
 
 ,
 
 794 S.E.2d at 299-300
 
 .
 

 Conclusion
 

 Defendant received a fair trial free from error. The trial court included a phrase in the jury instructions that was consistent with the theory of actual possession and the evidence presented at trial, and Defendant has failed to show plain error.
 

 NO ERROR.
 

 Judges DAVIS and ZACHARY concur.